**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NIBEA A. VARGAS,**

    **Plaintiff,**

v.    Case No.  8:11-cv-1822-T-30AEP

**BOYETTE CREEK HOMEOWNERS
ASSOCIATION, INC., ROBERT L.
TANKEL, P.A., ROBERT L. TANKEL,
ESQ., and MCNEIL MANAGEMENT
SERVICES, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motions to Dismiss (Dkts. 15 & 17) and Plaintiff's Responses in opposition (Dkts. 18 & 19).  The Court, having reviewed the motions, responses, and being otherwise advised of the premises, concludes that the motions should be granted, without prejudice to Plaintiff to amend her complaint.

## BACKGROUND

This case is brought under the Fair Debt Collection Practice Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").  Plaintiff alleges that she owns certain real property in Hillsborough County and is a member of Defendant Boyette Creek Homeowner's Association, Inc. ("Boyette Creek").  Plaintiff alleges that her membership in Boyette Creek required a quarterly association assessment of $140.00.  Plaintiff alleges that

she has not resided at the subject property since 2008, however, she sent the quarterly assessments to Boyette Creek's management company.

Plaintiff alleges that at some point in time, her checks for the assessments were returned to her. Although not a model of clarity, it appears that at some point in time Boyette Creek's original management company stopped processing her assessment checks, presumably because Boyette Creek replaced it with a different management company. It also appears that Plaintiff never resolved the issue of where she should send her quarterly assessments, because, on or about June 14, 2011, she alleges that a foreclosure notice was posted on her door. Around this time, Plaintiff became aware that Boyette Creek hired Defendant McNeil Management Services, Inc. ("McNeil") to manage its property.

Plaintiff alleges that when she spoke to someone at McNeil about the foreclosure notice, she was told that McNeil could not discuss the matter with her because it had been turned over to "the lawyers." (Dkt. 1).

Plaintiff alleges that on or about September 15, 2010, Defendant Robert L. Tankel, Esq. of Defendant Robert L. Tankel, P.A., sent her a letter that stated, in part: "a lien and subsequent foreclosure may be authorized by the association and commenced unless the following amounts are paid in full within forty-five days . . ." (Dkt. 1). Plaintiff alleges that she did not pay the amounts demanded within the time period and a foreclosure suit was not filed. Plaintiff alleges that she did not agree with the amounts stated in the September 15, 2010 letter.

Plaintiff alleges that on or about November 9, 2010, Tankel sent her another letter, which stated, in part: "Enclosed please find a copy of a Claim of Lien which is being filed against your lot for failure to pay your assessments. A foreclosure action may be authorized by the association and commenced unless the following amounts are paid in full within forty five days (45) from receipt of this letter." (Dkt. 1). Plaintiff alleges that she did not pay the amounts demanded within the time period and a foreclosure suit was not filed.

It appears that a foreclosure action was ultimately filed against Plaintiff.

On August 15, 2011, Plaintiff filed the instant action against Defendants, arguing their actions violated various provisions of the FDCPA and the FCCPA. Defendants then filed motions to dismiss, arguing, in relevant part, that Plaintiff's allegations fail to state a claim. The Court agrees.

## **MOTION TO DISMISS STANDARD**

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the

"no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## DISCUSSION

Plaintiff alleges that Defendants violated different provisions of the FDCPA and the FCCPA. However, Plaintiff's claims, i.e., counts 1-7, do not include any facts related to these claims. Indeed, Plaintiff's complaint contains the general allegations set forth above, but, curiously, her actual claims do not incorporate these general allegations. And the different counts stated throughout her complaint contain only legal conclusions.

Also, even if the Court were to assume that the general allegations were incorporated in each of Plaintiff's counts, there are insufficient facts to state a claim against any Defendant. For example, the only allegation related to Defendant McNeil is that an unidentified person told Plaintiff that he/she could not discuss the foreclosure matter because it had been turned over to the lawyers. This is insufficient to state any claim against McNeil.

With respect to Boyette Creek, Plaintiff alleges that it hired Defendant Tankal and his firm to send the letters discussed above and that a foreclosure notice was posted on her door. However, Plaintiff does not allege what actions Boyette Creek took to violate any provision of the FDCPA and/or the FCCPA.

Finally, with respect to Tankal and his firm, other than sending the September and November letters, which are not attached to the complaint, Plaintiff does not allege how Tankal violated any provision of the FDCPA and/or the FCCPA. Plaintiff does not even attach the letters or the notice of foreclosure to her complaint and it is entirely unclear who posted the notice on her door.

As this Court recently noted, under Florida law "a lien on an owner's property secures unpaid homeowners association assessments, as well as 'reasonable costs and attorney's fees incurred by the association incident to the collection process.'" *Malowney v. Zacur, Graham & Costis, P.A.*, 2011 WL 1655572, at *2 (M.D. Fla. May 2, 2011) (citing Fla. Stat. 720.3085). In other words, without additional facts, the allegations that Defendants played some role in attempting to collect an outstanding debt (such as sending the two letters described above), and the ultimate filing of a foreclosure action, are insufficient to state a claim under the FDCPA or the FCCPA.

In short, Plaintiff's claims consist of nothing more than legal conclusions. Plaintiff's complaint is the essence of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" which will not suffice. *Iqbal*, 129 S.Ct. at 1949.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motions to Dismiss (Dkts. 15 & 17) are GRANTED without prejudice to Plaintiff to file an amended complaint within fourteen (14) days of this Order. **Plaintiff is put on notice that any allegations must be made in good faith in accordance**

**with Rule 11 of the Federal Rules of Civil Procedure.  If Plaintiff is found to violate Rule 11, she could be subject to sanctions and fines.**

2. If Plaintiff does not file an amended complaint within fourteen (14) days of this Order, the Court will close this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-1822.mtsdismiss15&17.frm